UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 12-60297-CIV-DIMITROULEAS/SNOW

| | |
|---|---|
| FRANZ WAKEFIELD, | ) |
| | ) |
| Plaintiff | ) |
| vs. | ) |
| | ) |
| LIBERTY POWER CORP., LLC, | ) |
| | ) |
| Defendants | ) |

**PLAINTIFF'S MOTION TO QUASH THIRD-PARTY SUBPOENAS**

TO:   LIBERTY POWER CORP., by and through their attorneys of record, Angelique Lyons and Gretchen Lehman , Constangy, Brooks & Smith, 100 N. Tampa Street, suite 3350, Post Office Box 1840, Tampa, FL 33601-1840.

Plaintiff FRANZ WAKEFIELD, in the above styled cause, submits this motion to quash subpoenas of cell phone records from AT&T Mobility.

Respectfully submitted,
**Coane and Associates, PLLC**

/s/ Lauren T. Schlossberg
Lauren T. Schlossberg
Florida Bar No. 92027
Coane and Associates
407 Lincoln Road, Suite 10B
Miami Beach, Florida 33139
TEL:   (305) 538-6800
FAX:   (305) 538-6804

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the foregoing document was sent via facsimile and U.S. Mail to Angelique Lyons, Constangy, Brooks & Smith, 100 N. Tampa Street, suite 3350, Post Office Box 1840, Tampa, FL 33601-1840 this 10th day of September, 2012.

/s/ Lauren T. Schlossberg
Lauren T. Schlossberg

<u>**Service List**</u>
**Case No.** 12-60297-CIV-DIMITROULEAS/SNOW

Angelique Lyons, Esq.
Gretchen Lehman, Esq.
Constangy, Brooks & Smith
100 N. Tampa Street, Suite 3350
Post Office Box 1840
Tampa, FL 33601-1840.
Telephone:    813.223.7166
Facsimile:    813.223.2515
COUNSEL FOR THE DEFENDANT

## I.  INTRODUCTION

Plaintiff Franz Wakefield is a former employee of Defendant, Liberty Power Corp, (herein after referred to as "Liberty Power") and has sued Liberty Power under The FLSA based on an unpaid overtime. Defendants have issued a subpoena to look at all of Plaintiff's cell phone text messages. Such a subpoena is clearly unwarranted and is not likely to lead to the discovery of admissible evidence, is totally irrelevant to this case, and is an invasion of privacy.

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, Plaintiff hereby moves the Court to quash the third-party subpoena served by Defendant on August 22, 2012. Exhibit 1.

## II. BACKGROUND

Defendant has served, or is serving subpoenas on Plaintiff's cell phone carrier. Specifically, the subpoenas seek production of the following, "Complete phone activity detail for the period of time from November 1, 2009 to March 31, 2011, including but not limited to, all ingoing and outgoing calls (to include the number of the other line involved in the call and the date, time and length of each such call), all text messages sent and received (to include the number if the other line sending/receiving the text and the date and time of each such text message, as well as the contents of each such message), and any bills that include some or all of the listed information."

By seeking "complete phone activity, "Defendant is engaging in a "fishing expedition." The cell phone records Defendant seeks to discover contain personal information, and Defendant's request constitutes an impermissible invasion of Plaintiff's personal rights, and the records are irrelevant, immaterial and not likely to lead to the discovery of admissible evidence. For these reasons, the Court should quash the third-party subpoenas in its entirety.

### III. LEGAL ARGUMENT

First, the Court must consider whether Plaintiff has standing to challenge the subpoenas at issue. A party has standing to challenge a subpoena *duces tecum* served on another when the party has a personal right or privilege with respect to the subject matter of the subpoena. *Barrington v. Mortgage IT, Inc.*, 2007 WL 4370647. The scope of discovery under a Rule 45 subpoena is the same as the scope of discovery under Rule 26. *Id.* at 3. As such, the scope of a subpoena *duces tecum* is limited to discovery which is relevant to the parties claims or defenses, or appears reasonably calculated to lead to the discovery of admissible evidence. *Id.* Numerous courts, however, have held that parties have a personal interest in their financial and telephone records sufficient to confer standing to challenge a subpoena directed to a third-party. See, e.g., *Keybank Nat'l Ass'n v. PerkinsRowe, L.L.C.,* No. 09-497 JJB-SR, 2011 WL 90108, at 3 (M.D. La. Jan. 11, 2011).

The Court should quash the third-party subpoenas because the information requested is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Rule 26(b)(1) of the Federal Rules of Civil Procedure allows parties to "obtain discovery regarding any non- privileged matter that is relevant to any party's claims or defenses." The determination whether such information is discoverable because it is relevant to the claims or defenses depends on the circumstances of the pending action. Fed. Rule Civ. P. 26(b)(1) Advisory Committee Note. 2000 amendments. Under Fed. R. Civ. P. 26(b)91) the court must focus on the claims and defenses involved in the action.

In this case, the Plaintiff's personal cell phone messages are not relevant to his claim of unpaid overtime and none of the defenses in Defendant's answer address the fact that Plaintiff did personal business during work hours. And, even if he did make personal calls or send some

messages during the work day, Defendant is not entitled to any credit for same against Plaintiff's unpaid wages. The primary issue for the court to consider is whether the Defendant failed to pay the Plaintiff overtime he was entitled to.

## IV. CONCLUSION

The production of the former text messages of the Plaintiff will not shed any light on the merits of the claims in this case. The subpoenas only serve to harass the Plaintiff. Accordingly, this Court should quash the subpoena.

Counsel for the movant has made reasonable efforts to confer with all parties who may be affected by the relief sought in this motion, and the efforts, via written communication have not led to a resolution.

Dated: September 10, 2012

Respectfully Submitted,

**Coane and Associates, PLLC**

**/s/ Lauren T. Schlossberg**
Lauren T. Schlossberg
Florida Bar No. 92027
Coane and Associates
407 Lincoln Road, Suite 10B
Miami Beach, Florida 33139
TEL:   (305) 538-6800
FAX:   (305) 538-6804

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 12-60297-CIV-DIMITROULEAS/SNOW

FRANZ WAKEFIELD,           )
                           )
        Plaintiff          )
   vs.                     )
                           )
LIBERTY POWER CORP., LLC,  )
                           )
        Defendants         )
                           )
                           )
_____)

**PROPOSED ORDER**

The Plaintiff's Motion to quash is hereby GRANTED, and Defendant shall withdraw the subpoena.

IT IS HEREBY ORDERED, that the Defendant should withdraw its subpoena *duces tecum* to AT&T Mobility.

Signed, this_____ day of_____ 2012.

_____
UNITED STATES DISTRICT COURT JUDGE