**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO 12-60297-CW-DIMITROULEAS/SNOW**

**FRANZ WAKEFIELD,**

      **Plaintiff,**

**Vs.**

**LIBERTY POWER CORP., LLC,**

      **Defendant.**

_____/

**DEFENDANT'S RESPONSE TO PLAINTIFF'S AMENDED MOTION FOR**
**CLASS NOTIFICATION PURSUANT TO 29 U.S.C. §216(b)**

Defendant Liberty Power Corp., LLC (hereinafter "Defendant"), by and through its undersigned attorneys, hereby files its Response to Plaintiff's Amended Motion for Class Notification Pursuant to 29 U.S.C. § 216(b). For the reasons set forth below, Plaintiff's Amended Motion should be denied.

Plaintiff has brought a lawsuit under the Fair Labor Standards Act (hereinafter "FLSA") alleging that he performed work for which he was not paid overtime. Plaintiff filed the instant Amended Motion for Class Notification seeking to have the case conditionally certified under §216(b) of the FLSA. Plaintiff's Amended Motion fails to establish the necessary elements for conditional certification.

In the Eleventh Circuit, the Court has established a two stage procedure to use in determining whether a case should proceed as a collective action under §216(b). See _Hipp v. Liberty Nat'l Life Ins. Co._, 252 F.3d 1208, 1217 (11th Cir. 2001). The first stage requires a court to determine whether conditional certification to facilitate notice should be granted. While it is

well settled in the Eleventh Circuit that a district court has the authority to issue an order requiring notice to similarly situated persons in order to facilitate the opt-in procedure under §216(b), before exercising such power, "the district court should satisfy itself that there are other employees . . . [(1)] who desire to "opt-in" and [(2)] who are "similarly situated" with respect to their job requirements and with regard to their pay provisions." *Dybach v. State of Florida Dept. of Corrections*, 942 F.2d 1562, 1567-68 (11th Cir. 1991).  In analyzing this at the first stage of the certification process, the Court is to apply a lenient standard.  See *Haynes v. Singer Co., Inc.*, 696 F.2d 884, 887 (11th Cir. 1983).  Even though this is a lenient standard, it is not invisible.  See *Rappaport vs. Embarq Management Co.*, 2007 WL 448251, at *4 (M.D. Fla. 2007).  The Plaintiff has the "burden of showing a 'reasonable basis' for his claim that there are other similarly situated employees." *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1260 (11th Cir. 2008).

Regarding the first issue, a plaintiff's "mere stated belief in the existence of other employees who desire to opt-in is insufficient." *Davis v. Charoen Popkphand*, 303 F.Supp.2d 1272, 1277 (M.D. Ala. 2004).  Unsupported expectations that additional plaintiffs will come forward are also insufficient.  *Id.*; see also *Mackenzie v. Kindred Hospitals East, L.L.C.*, 276 F.Supp.2d 1211, 1220 (M.D. Fla. 2003).  It is improper to grant notice in order to determine whether there are others who desire to join a collective action.  *Mackenzie*, 276 F.Supp.2d at 1220; *Santielices v. Cable Wiring, Inc.*, 1999 WL 1007807, at *1 (S.D. Fla. Sept. 28, 1999). Rather, such a determination must be made before notice is authorized.  *Id.*

Regarding the second issue, the FLSA does not specifically define the term "similarly situated."  However, the Eleventh Circuit has made clear that "the similarities necessary to maintain a collective action under § 216(b) must extend beyond the mere facts of job duties and

2

pay provisions…[o]therwise, it is doubtful that §216(b) would further the interests of judicial economy, and it would undoubtedly present a ready opportunity for abuse." *Anderson v. Cagle's, Inc.*, 488 F.3d 945, 953 (11th Cir. 2007).

In this case, Plaintiff is unable to prove either of the two elements necessary to establish conditional class certification. In fact, Plaintiff's Amended Motion fails to even allege that there is a common pay practice in violation of the FLSA, or that there are any similarly situated individuals who desire to opt-in to the litigation.

### A.    Plaintiff has Failed to Present any Evidence that Others Wish to Opt-In.

Under *Dybach's* first requirement, Plaintiff must show that there are other employees who desire to opt-in before the Court can conditionally certify a class. *Dybach*, 942 F.2d at 1567-68. At this stage of the analysis, it is critical to remember that the "purpose in authorizing collective actions under the FLSA [is] to avoid multiple lawsuits where 'numerous employees' have allegedly been harmed by the same violation." *Kessler v. Lifesafer Serv. Providers, LLC*, 2007 WL 1531395 (M.D. Fla. Mar. 25, 2007)(citing *Prickett v. DeKalb County*, 349 F.3d 1294, 1297 (11th Cir. 2003)). "Pursuant to Section 216(b), certification of collective actions in FLSA cases is based on a theory of judicial economy by which '[t]he judicial system benefits by efficient resolution in one proceeding of common issues of law and fact arising from the same alleged' activity." *Goodrich v. Covelli Family Limited Partnership*, 2012 WL 1081473 (M.D. Fla. Mar. 30, 2012)(citing *Hoffmann–La Roche, Inc. v. Sperling,* 493 U.S. 165, 170 (1989)). A potential class of nine employees "simply is not large enough to justify class treatment." *Kessler,* 2007 WL 1531395, at *3 (finding potential class of ten employees not large enough).

"In making the showing [that others desire to opt-in], a plaintiff cannot rely on speculative, vague, or conclusory allegations." *Alvarez v. Sun Commodities, Inc.*, Case No. 12-

60398-civ-Cohn/Seltzer (S.D. Fla. 2012) (opinion attached hereto as Exhibit 1).  Conclusory evidence, hearsay and unsupported allegations are not sufficient to establish this element.  See *Palacios v. Boehringer Ingelheim Pharmaceuticals, Inc.*, 2011 WL 6794438 (S.D. Fla. Apr. 19, 2011)(holding that declarations which merely "offer their unsupported belief that other employees may join the suit" in "anticipation and belief" are insufficient to demonstrate that others desire to opt-in).

In this case, Plaintiff fails to allege any facts sufficient to carry his burden.  Plaintiff has presented his own declaration[1] which states "I do not have the contact information for most of the employees I worked with, but they worked without being paid overtime and I believe they would want to receive the money that they are owed if given the opportunity."  This statement is conclusory and speculative.  As explained by the Court in *Palacios,* a plaintiff or his attorney's belief that others may wish to opt-in is insufficient.  In fact, the courts have held that the plaintiff has to show through affidavit or completed opt-in notices that there are others who desire to opt-in.  See *Palacios*, 2011 WL  6794438, at *2, citing *White v. KcPar, Inc.*, 2006 WL 1722348, *3 (M.D. Fla. June 20, 2006).

Plaintiff attempts to satisfy this burden by submitting the declaration of Michael Jones.  Mr. Jones also attempts to provide conclusory assertions that two other employees, Sam Rivera and Bill Beson, were not compensated for alleged overtime work.  Mr. Jones does not explain how he knows this information or otherwise establish personal knowledge of this information, as required.  In fact, while Mr. Jones attempts to assert that Bill Beson worked uncompensated overtime, the declaration of Bill Beson himself, which is attached hereto as Exhibit 2 and was originally filed by Defendant in response to Plaintiff's initial motion to certify a collective

---

[1]    Plaintiff titled his attachments as "affidavits," however, they are technically declarations.

action, explicitly states that Bill Beson did not work uncompensated overtime and was never told to work off the clock.  It is unclear how Mr. Jones arrived at the conclusory allegations contained in his declaration, but it is clear that his conclusions are wrong and should not be credited by the Court.

Plaintiff may argue that the fact that Mr. Jones himself submitted a declaration by itself establishes that others wish to opt-in to this lawsuit.  Such an assertions is incorrect for several reasons.  First, in his declaration, Mr. Jones never states that he is interested in opting-in to this lawsuit and has never filed an opt-in notice.  An affidavit or declaration that does not set forth a specific desire to opt-in is insufficient to satisfy this element.  See *Saxton v. Title Max of Ala., Inc.,* 431 F. Supp. 2d 1185, 1188 (N.D. Ala. 2006).  Second, even if Mr. Jones does desire to opt-in to this lawsuit and later files a notice of opting-in, one individual who wishes to opt-in is not sufficient.  Third, Mr. Jones' declaration does not assert that any other individuals are interested in opting into the suit; in fact, all Mr. Jones states is that he "knows" others were affected by "this failure to pay overtime".  (Dkt. 28-2, ¶6).  These broad statements are not sufficient to show that there are other people who wish to opt-in.  See *Abrego v. Baker Landscape Corp.*, 2010 WL 533520 (S.D. Fla. Dec. 2, 2010)(denying certification because plaintiff failed to prove others wished to opt-in; plaintiff's proof was his affidavit that he had spoken to his co-workers about minimum wage); *Lee v. Sky Plumbing, Inc.*, 2010 WL 7458770, at *2-3 (M.D. Fla. Mar. 1, 2010)(finding that statements that others "did not receive overtime" and "there are many other current and former plumbers employed by Defendants who are interested in joining a collective action" were insufficient).

The simple fact is that one affidavit from someone who has not even expressed a desire to opt-in is not sufficient to certify a collective action.  See *Rodgers v. CVS Pharmacy, Inc.*, 2006

WL 752831 (M.D. Fla. Mar. 23, 2006)(denying certification based on plaintiff's insufficient evidence which consisted of two opt-in plaintiffs who filed declarations); *Alvarez v. Sun Commodities, Inc.*, 2012 WL 2344577 (S.D. Fla. June 20, 2012)(denying certification based on plaintiff's insufficient evidence in the form of three opt-in plaintiffs who had submitted declarations).   Federal courts across Florida have routinely denied requests for conditional certification where, as is seen here, the plaintiff attempts to conditionally certify a broad group based only the conclusory and unsupported allegations of a few employees.  See *Manzi v. Hartman and Tyner, Inc.*, 2011 WL 2110279, at *2 (S.D. Fla. May 25, 2011); *Ramos v. Burger King Corp.*, 2011 WL 4634024, at * 2 (M.D. Fla. Oct. 6, 2011); *Cohen v. Allied Steel Bldgs., Inc.*, 554 F.Supp.2d 1331, 1334-35 (S.D. Fla. 2008); *Rappaport*, 2007 WL 4482581, at * 4-5 (M.D. Fla. Dec. 18, 2007); *Tafarella v. Hollywood Greyhound Truck, Inc.*, 2007 WL 2254553, at *1-5 (S.D. Fla. Aug. 1, 2007); *Kessler v. Lifesafer Serv. Providers, LLC.*, 2007 WL 1531395, at *1-3 (M.D. Fla. May 25, 2007); *Gonzalez v. Hair Club for Men, Ltd., Inc.*, 2007 WL 1079291, at *3-4 (M.D. Fla. Apr. 9, 2007); *Ulysse v. Divosta Bldg. Corp.*, 2006 WL 2618449, at *2-3 (S.D. Fla. Dec. 11, 2006); *Brooks v. Rainaldi Plumbing, Inc.*, 2006 WL 3544737, at *2 (M.D. Fla. Dec. 8, 2006); *Becker v. Southern Soils Turf Management, Inc.*, 2006 WL 3359687, at * 3-4 (M.D. Fla. Nov. 20, 2006).

In this case, Plaintiff's complete lack of evidence establishing that others wish to opt-in to this lawsuit is further highlighted by the fact that in the eight months this case has been pending, not one single person has opted in or expressed an actual desire to do so.  See *Pickering v. Lorillard Tobacco Co., Inc.*, 2012 WL 314691 (M.D. Ala. Jan. 30, 2012) (denying certification based, in part, on the fact that "[o]ver the eighteen-month course of this litigation, only one plaintiff has filed a consent form to join this action as an opt-in plaintiff. Mr. Pickering has no

other evidence that any other sales representative shares the same interest in this litigation as he and Mr. Lynum).

"Plaintiff does not have a heavy burden to carry to establish that similarly situated employees exist, but if he does not satisfy his burden, the court should decline the certification of collective action to avoid the "stirring up" of litigation through unwarranted solicitation." See Alvarez, at p. 6 (internal citations omitted); see also MacKenzie v. Kindred Hosps. East, LLC, 276 F.Supp.2d 1211, 1220 (M.D. Fla. 2003)(holding that unsupported expectations that additional plaintiffs will subsequently come forward are insufficient); Rodgers v. CVS Pharmacy, Inc., 2006 WL 752831, at * 3 (M.D. Fla. 2006)(holding that certification and notice "to a potential class is not appropriate to determine whether there are others who desire to join the lawsuit" but "rather, a showing that others desire to opt in is required before certification and notice will be authorized by the court")(internal citations omitted).   Here, Plaintiff's own conclusory declaration and the ambiguous declaration of Mr. Jones do not establish that anyone else (not even Mr. Jones) wishes to opt-into this lawsuit.   As Plaintiff has failed to present any evidence to establish that others wish to join this suit, his Motion should be denied.

> **B.  Plaintiff has Failed to Present any Evidence to Establish the Similarly Situated Requirement.**

Even assuming Plaintiff has satisfied his burden to prove other individuals desire to opt into this litigation, Plaintiff has failed to meet the second requirement under Dybach.  Under this requirement, Plaintiff must show that the other employees are similarly situated with respect to their job requirements and pay provisions.  See Palacios, 2011 WL 6794438, at * 5.  Further, the "mere presence of a uniformly adverse compensation policy is insufficient by itself." Heath v. Hard Rock Café International, Inc., 2010 WL 3941832, at * 2 (M.D. Fla. 2010).  This policy must be one which violates the law.  Id.

7

In his Motion, Plaintiff fails to identify any pay provision which violates the law. Further, Plaintiff has not identified that the job duties of any individuals were similar to Plaintiff's, or that any such individuals were subject to a common policy or practice in violation of the FLSA.  In his unverified Amended Complaint, Plaintiff alleges "Defendant had a policy and practice of refusing to pay overtime wages at the proper rate under the FLSA, during the period before time clocks were installed."  (Dkt. 11, ¶27).  Plaintiff also alleges that "all similarly situated employees, regularly worked overtime hours, but were never paid overtime for any of the time worked from three years prior to this complaint, until time clocks were installed in January 2011."  (Dkt. 11, ¶12).  Plaintiff further alleges in his Amended Complaint that "[u]pon information and belief, for the three year period of time before this filing, (the "Class Period"[)], the continued violations of FLSA §207 that are complained of herein have been practices and imposed upon all Telesales Agents of Defendants [sic], who have regularly worked in excess of forty hours per week."  (Dkt. 11, ¶24).  These unverified allegations are insufficient to satisfy even the lenient standard adopted by the Eleventh Circuit.

To satisfy his burden, Plaintiff needs to make "substantial allegations of class wide discrimination, that is, detailed allegations supported by affidavits."  *Hipp*, 252 F.3d at 1219. Plaintiff's "evidence" is clearly insufficient.  While Plaintiff makes a conclusory allegation that Defendant had a policy and practice of refusing to pay overtime, Plaintiff presents no evidence that such alleged policy or practice applied to any employee other than himself.  In fact, in his Amended Complaint, Plaintiff is forced to preface his one allegation of class wide treatment with the qualifying language that the assertion is being made "upon information and belief."

In his declaration, Plaintiff states that "[a]ll of the Telesales Agents I worked with during that time were also told to only record 40 hours as well."  (Dkt. 28-3, ¶5).  This statement,

however, is not evidence of similarity.  First, Plaintiff has not alleged any facts showing that all Telesales Agents had the same job duties or requirements.  Second, Plaintiff has not alleged any facts showing a pay practice in violation of the FLSA.  Plaintiff's hearsay statement that other employees were allegedly told something is not evidence.  This statement fails to identify who told Telesales Agents not to record time, when the statement was made or to whom it was made. Plaintiff's vague, uncorroborated "evidence" is insufficient to carry his burden.  See *Rosen v. Service Corp. International*, 2012 WL 370298 (S.D. Fla. 2012).  "Assertions based on beliefs and conversations are conclusory and provide no meaningful details, thus they fall short of the substantial and detailed allegations necessary to satisfy the similarly situated element." *Palacios*, 2011 WL 6794438, at *5.  Conclusory allegations that the employer's policies applied to other employees that are unsupported by fact are insufficient to support a motion for certification.  See *Rappaport v. Embarq Management Co.*, 2007 WL 4482581, at *4 (M.D. Fla. 2007).  Plaintiff has not set forth any actual evidence, in the form of affidavit or otherwise, to establish there was a common practice of not paying the Telesales Agents in compliance with the law.

Plaintiff has attempted to satisfy his burden by presenting the declaration of Michael Jones.  Mr. Jones' declaration states that he worked early in the morning and through lunch and was not compensated for this time.  He claims that an unidentified "we" "were strictly told not to record any time over 40 hours because they would not pay overtime."  (Dkt. 28-2, ¶2).  This statement is insufficient to justify certification.  First, Mr. Jones' statement is lacking in any evidentiary value.  The statement does not identify who the speaker was, when the statement was made or to whom the statement was made.  As set forth above, hearsay statements of this nature are not sufficient to establish similarity.  Second, a company's direction to its employees not to work overtime, without more, is not a violation of the FLSA.  Third, Mr. Jones' own declaration

9

proves that there are no others who are similarly situated. He states "I worked with Franz Wakefield, another Telesales Agent. He was always at the office with me in the morning and in the afternoon. We *were the only people who arrived that early* each day. He would also work through lunch with me." (Dkt. 28-2, ¶4)(emphasis added). By Mr. Jones' own admissions, only he and Plaintiff were coming in to work early, and the only person Mr. Jones saw working through lunch was Plaintiff. These facts do not establish that there was a policy in violation of the FLSA that affected a group of similarly situated individuals. In fact, this statement shows that the alleged policy only affected Mr. Jones and Plaintiff. Such individual inquiries of working off the clock are not appropriate for collective treatment. See *Cartner v. Hewitt Assocs., LLC.,* 2009 WL 3245482, at * 2 (M.D. Fla. Oct. 7, 2009).

In order to carry his burden, Plaintiff must provide evidence of some corporate practice or policy imposed on the potential class members in the same manner and by the same decision makers. See *Pomareda v. Homebridge Mortgage Bankers Corp.,* 2007 WL 624331, at *2 (S.D. Fla. Feb. 23, 2007); *Smith v. Trademen Int'l, Inc.,* 289 F.Supp.2d 1369, 1372 (S.D. Fla. 2003). For example, in *Carruthers v. The Keiser School, Inc.*, 2010 WL 5055876, at *2 (M.D. Fla. Dec. 3, 2010), the Court held that the plaintiff never articulated what policies and practices of the employer violated the FLSA. As such, the "bare-bones allegation without more [was] insufficient", and the Court denied the motion for notice to opt-in employees. *Id.* Plaintiff in this case has also failed to present anything more than bare-bones allegations.

Defendant, on the other hand, has presented the declaration of Defendant's manager in the Human Resources Department who is responsible for payroll. (Exhibit 3). As the declaration of Ms. Moschella makes clear, Defendant's practice has been to properly pay all hours worked by employees, and to pay overtime as one and a half times the regular rate of pay

for all hours worked over forty in a workweek. Further, Defendant has presented the declarations of June Marcotte and William Beson, Telesales Agents at Defendant during the relevant time period. (Exhibits 4 and 2 respectively). As these declarations make clear, these employees were properly paid for all hours worked and were not subject to the alleged policy alluded to by Plaintiff.

This case is remarkably similar to *Lee v. Sky Plumbing, Inc.*, 2010 WL 7458770, at *2 (M.D. Fla. Mar. 1, 2010). In *Lee*, the plaintiff submitted his own declaration and that of one co-worker; the declarations stated that "[a]ll plumbers employed by Defendants … did not receive overtime compensation." *Id*. The Court denied the motion for conditional certification because the only evidence, two declarations, contained conclusory statements. In denying the motion, the Court reasoned that "[t]he conclusory allegations of one other putatively similarly situated employee … [fell] well short of the detailed allegations required to support collective treatment." *Id.* at *3. In *Lee*, the Court also relied on the defendants' declarations that countered the plaintiff and his co-worker's conclusory statements. *Id.* at *2-3.

In this case, Plaintiff's only evidence is the conclusory allegations contained in his declaration and the declaration of Mr. Jones. These declarations failed to provide any detailed, non-hearsay evidence of a pay policy in violation of the FLSA that applied to all Telesales Agents. Defendant, on the other hand, has presented detailed declarations to the contrary showing that there was not a policy in violation of the FLSA and that other Telesales Agents are not aware of any such policy. Because Plaintiff has failed to present any evidence that there was a common policy or practice of Defendant in violation of the FLSA that applied to other similarly situated individuals, Plaintiff's Motion should be denied.

11

**C.     Even if this Court Were to Certify a Collective Action, Defendant Objects to the Proposed Notice.**

The notice attached as Exhibit A to Plaintiff's Amended Motion is fraught with problematic language and is lacking in essential elements.

First, the notice does not sufficiently indicate that this is a contested lawsuit and that Defendant has denied the allegations.  The notice should state that Liberty Power denies all liability and contends that it paid its employees in compliance with the Fair Labor Standards Act, and that Liberty Power is vigorously defending this lawsuit.  See *Gieseke v. First Horizon Home Loan Corp.,* 2006 WL 2919076 (D. Kan. 2006).

Second, while the notice does state that the Court has yet to make any determination as to the merits of this matter, this is too vague.  The notice needs to advise that the Court has not yet determined whether Plaintiff or anyone who decides to opt into the lawsuit is entitled to any compensation.  Specifically, the notice should state that no decision on the merits has been made, and if you opt into this lawsuit, you may not receive or be entitled to any payment.

Third, the notice does not advise the recipient that he or she also has the right to not join the lawsuit at all.  The notice needs to fully advise the recipient of all of his or her rights, not just the right to join.

Fourth, the reference to retaliation should not be in all capital letters and underlined.  The information should appear the same as all other information in the notice.

**D.     Other Deficiencies in Plaintiff's Amended Motion.**

In his Amended Motion, Plaintiff fails to designate the opt-in period.  If this Court grants Plaintiff's Amended Motion, Defendant asks that the opt-in period be limited to 30 days.

Further, Defendant believes Plaintiff's attorney intends to call the potential opt-ins to notify them of this suit.  In his original Motion and proposed order, Plaintiff seeks the Court to

12

require Defendant to provide the "name, last known address, and phone numbers of all proposed opt-in class members under oath" and indicated that his attorneys intend to contact potential opt-in plaintiffs by telephone to determine whether any potential opt-in plaintiffs wish to join the lawsuit. Contact by telephone is improper. "First class mail is the preferred method in the unique circumstances of class certification notification. Such a mailing process insures the integrity of a judicially controlled communication directed to the intended audience." *Reab v. Elec. Arts, Inc.*, 214 F.R.D. 623, 630 (D. Colo. 2002). "Historically, first class mailing has been utilized because it provides a controlled method by which individual notification can be provided through a reliable process which insures that proper notice is received by the potential class members." *Id.*; see also *Delgado v. Ortho-McNeil, Inc.*, 2007 WL 2847238 (C.D. Cal. 2007)(limiting notice to mail only and limiting employer's identification of potential plaintiffs to names and addresses); *Alli v. Boston Market Co.*, 2011 WL 4006691 (D. Conn. 2011)(same). Based on the foregoing, if this Court grants Plaintiff's Amended Motion, Defendant asks this Court to restrict Plaintiff from contacting potential opt-in plaintiffs other than through a single mailing via U.S. Mail.

### E.   Conclusion.

Based on the foregoing, Defendant respectfully requests that this Court deny Plaintiff's Amended Motion to Certify a Class Under §216(b) of the FLSA. If Plaintiff's Amended Motion is granted, Defendant requests that the Court revise the proposed notice as set forth above, and limit Plaintiff's method of contacting potential opt-ins.

s/ Angelique Groza Lyons
Angelique Groza Lyons, Esq., Fla. Bar No. 118801
alyons@constangy.com
Gretchen M. Lehman, Esq., Fla. Bar No. 0046365
glehman@constangy.com

CONSTANGY, BROOKS & SMITH, LLP
100 North Tampa Street, Suite 3350
Post Office Box 1840
Tampa, Florida  33601-1840
(813) 223-7166 / Fax:  (813) 223-2515
Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of October, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served on this day on all counsel of record or pro se parties identified on the following Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to received electronically Notices of Electronic Filing.


s/ Angelique Groza Lyons
Attorney for Defendant


## SERVICE LIST
## FRANZ WAKEFIELD v. LIBERTY POWER CORP., LLC
## CASE NO. 0:12-cv-60297-WPD

Lauren T. Schlossberg, Fla. Bar No. 92027
Lauren.Schlossberg@coane.com
COANE AND ASSOCIATES
407 Lincoln Road, Ste. 10-B
Miami Beach, Florida 33139
Tel:     (305) 538-6800
Fax:     (305) 538-6804
Attorney for Plaintiff
Served via CM/ECF

2068502.1