UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-60297-CIV-DIMITROULEAS/SNOW

FRANZ A. WAKEFIELD,

    Plaintiff,

vs.

LIBERTY POWER CORP., LLC,

    Defendant.
_____/

## ORDER DENYING MOTION FOR CLASS CERTIFICATION

THIS CAUSE is before the Court upon Plaintiff's Amended Motion for Conditional Certification of Representative Class [DE 28], filed on October 4, 2012.  The Court has carefully considered the Motion, Defendant's Response in Opposition [DE 29], and Plaintiff's Reply [DE 30], and is otherwise fully advised in the premises.

Plaintiff is suing the Defendant for violating the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.*  He claims that he and other employees regularly worked overtime for three years but Defendant never paid them overtime, violating the FLSA.  Plaintiff wants this action to proceed as a collective action.

The Eleventh Circuit has provided a two-step process for determining whether a class should be certified.  It is the first step that is relevant for the present motion:

> The first determination is made at the so-called "notice stage." At the notice stage, the district court makes a decision—usually based only on the pleadings and affidavits which have been submitted—whether notice of the action should be given to potential class members.
>
> Because the court has minimal evidence, this determination is made using a fairly lenient standard, and typically results in "conditional certification" of a representative

      class. If the district court "conditionally certifies" the class, putative class members are given notice and the opportunity to "opt-in." The action proceeds as a representative action throughout discovery.

*Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1218 (11th Cir. 2001) (quoting *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207 (5th Cir. 1995), and suggesting that district courts adopt that process). The decision to certify a class is within the sound discretion of this Court. *Id.* at 1220.

      Before exercising its power to conditionally certify a class and require notice, "the district court should satisfy itself that there are other employees . . . who desire to 'opt-in' and who are 'similarly situated' with respect to their job requirements and with regard to their pay provisions." *Dybach v. State of Fla. Dept. of Corrs.*, 942 F.2d 1562, 1567-68 (11th Cir. 1991). A plaintiff has the burden to show that there is a reasonable basis for his claim that there are other similarly situated employees. *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1097 (11th Cir. 1996). The Court concludes that Plaintiff has failed to demonstrate that there are others who desire to opt-in to this action.

      Plaintiff worked as a Telesales agent for the Defendant. Though Plaintiff worked more than forty hours per week, Defendant allegedly told its employees that they could not log any hours over forty hours. Plaintiff believes that there are many other employees who also worked more than forty hours per week. He asks the Court to conditionally certify the class of Telesales agents who worked more than forty hours per week.

      At this point, only Plaintiff has indicated a desire to participate in this lawsuit. He provided the affidavit of Michael Jones in support of this motion, but even Jones does not say that he wants to opt-in. What Jones says actually undermines Plaintiff's motion to certify a class. Jones states that only he and Plaintiff came in as early as they did. The two of them worked through lunch. He suggests that he and Plaintiff were "top performers" because of "the hours we

put in." That would imply that others did not work as long as they did; else, Jones and Plaintiff would not have had the distinction of being top performers. If others were not working overtime, there would be no need to certify a collective action. Jones also said that he knows of two other employees who were affected by Defendant's failure to pay overtime: Sam Rivera and Bill Beson. Beson, however, submitted an affidavit that he had been fully paid for any overtime he worked.

Because Jones did not say that he wanted to join this action, and Beson said that he would not be an appropriate candidate since he was fully paid, the Court is left with Plaintiff and possibly Sam Rivera as the only identified potential class members. Plaintiff's assertion that there are many others is speculative and conclusory. Plaintiff's speculation that there are others who would want to join this action is not enough. *See, e.g.*, *Lee v. Sky Plumbing, Inc.*, No. 609-cv-2109-Orl-31DAB, 2010 WL 745770, at *2-3 (M.D. Fla. Mar. 1, 2010); *Rodgers v. CVS Pharmacy, Inc.*, No. 8:05-CV770T-27MSS, 2006 WL 752831, at *3 (M.D. Fla. Mar. 23, 2006) ("[B]elief in the existence of other employees who desire to opt in and unsupported expectations that additional plaintiffs will subsequently come forward are insufficient to justify certification of a collective action and notice to a potential class" (quotation omitted)).

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Amended Motion for Conditional Certification of Representative Class [DE 28] is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 7th day of December, 2012.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:

Counsel of Record