IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

FRANZ WAKEFIELD,

    Plaintiff,

Case No.: 0:12-cv-60297-WPD

v.

LIBERTY POWER COPR., LLC

    Defendant.

**MOTION TO COMPEL PRODUCTION OF DOCUMENTS REQUESTED**

Plaintiff, by and through his undersigned counsel, hereby asks this Court to Compel Production of the document request below, and for support, states the following:

Plaintiff filed his lawsuit alleging violations of the Fair Labor Standards Act (the "FLSA") on February 20, 2012 (D.E. 1). Plaintiff filed an amended Complaint on April 24, 2012 (D.E. 11). In relevant part, Plaintiff alleges that Defendant failed to fully compensate him for all hours worked, including overtime hours, during his employment with Defendant. (D.E. 11 ¶ 33-40). Plaintiff obtained new counsel on December 11, 2012 (D.E.32, 34, 35).

Plaintiff served his second set of the Requests for the Production of Documents to Defendant on February 8, 2013. Defendants served their responses to these requests on March 11, 2013. Plaintiff's counsel sent Defense Counsel a good faith letter via email, fax, and U.S. Mail on April 3, 2013 discussing, in addition to the requests below, several other requests and his basis for believing them to be discoverable. On April 11, 2013,

Plaintiff's Counsel received Defense Counsel's reply letter dated April 8, 2013 via email and U.S. Mail.  After reviewing the content of this letter, Plaintiff's counsel directed his office to communicate to Defense Counsel that he in good faith would narrow down any discovery disputes to the names and contact information of those individuals similarly situated, and that his basis for Request No. 6 and No. 7 would not be for class certification, and merely investigatory purposes.  Mr. Morgado's office communicated this message to defense counsel via email after learning she would not be in the office this day.  Plaintiff's counsel did not receive a reply to his message.

II.     DISCUSSION

Request No. 6:

**Please identify and provide a list of all employees of Defendants (including former employees) whose duties were similar to those performed by Plaintiff, and who were compensated in a manner similar to Plaintiff, and who were employed by Defendant within the three (3) years preceding the filing of this lawsuit.**

> *See Franco v. Bank of Am. Corp.*, 691 F. Supp. 2d 1324, 1325 (M.D. Fla. 2010) as to why this request is proper.

Response:

**OBJECTION.  Request 6 is not a proper Request for Production.  Request 6 would be more appropriately structured as an Interrogatory.  Defendant does not keep a list of employees whose duties were similar to those performed by Plaintiff and who were compensated in a manner similar to Plaintiff, and who were employed by Defendant within the three (3) years preceding this filing of the lawsuit.  Furthermore, even if Request 6 were a proper Request for Production, this Request would not be reasonably calculated to lead to the discovery of admissible evidence, as Plaintiff has already filed two Motions to Certify Class, the first of which was denied as moot [Dkt. 27] after Plaintiff was granted leave to amend, and the second of which was denied on the merits [Dkt. 31].  Furthermore, the Court noted prior to Plaintiff filing his Amended Motion for Conditional Certification of Representative Class, that "the Court is unlikely to allow Plaintiff a third opportunity [to seek class certification. [Dkt. 27].  Thus, the reasoning of *Franco v. Bank of America Corp.* is not applicable to the instant litigation, as there is not a prospective Motion for Conditional Certification of**

**Representative Class on the horizon that *might* justify the discovery sought by Plaintiff**

Discussion

Plaintiff seeks these documents because they are indeed within the allowable discovery scope as they are relevant to the Plaintiff's claims and the Defendant's defenses.  This information concerns the identification of individuals with firsthand knowledge of the allegations specified in the Amended complaint.  As stated *supra*, Plaintiff does not intend to use this information for class certification.  Rather, Plaintiff intends to use this information in order to investigate as fully as possible those individuals in the best position to have discoverable information, i.e., those who performed the job duties of Plaintiff.  This information is discoverable, as it is directly relevant to the claims and defenses of the parties, and any privacy implications are outweighed by the Plaintiff's need for this information.  *See In re Bank of Am. Wage & Hour Empl. Practices Litig.*, 275 F.R.D. 534, 543 (2011) (holding that contact information of witnesses is discoverable).  The court in this case even went on to state that "[i]ndeed, our discovery system is founded on the understanding that parties use discovery to obtain names and contact information for possible witnesses as the starting point for further investigations").  *Id.* at 543 n. 50 (citations omitted).  Thus, the documents sought by this request are indeed discoverable and should be produced.

**Request No. 7:**

**For every individual's name that is produced in the proceeding request [Request No. 6], produce the personnel file for that person.**

**Response:**

**Defendant directs Plaintiff to and repeats its objections to Request No. 6.  Answering further, Defendant states: None.**

In good faith, Plaintiff narrowed the information sought in Request No. 7 to the full contact information of any one identified from Request No. 6. Full contact information means most current telephone number, email address, and mailing address. As stated above, Plaintiff seeks this information not for class certification purposes, but merely for his own investigative purposes. This information is discoverable because it deals directly with Plaintiff's ability to perform his investigations of his claims and Defendant's defenses by either directly communicating with former employees, or deposing current employees, who have discoverable information. *See In re Bank of Am*, 275 F.R.D. at 543; *see also Rodriguez v. Niagara Cleaning Servs.*, 2010 U.S. Dist. LEXIS 70437, at *24 (S.D. Fla. June 24, 2010) (granting motion to compel contact information for witnesses with relevant information). These individuals would have discoverable information because this case chiefly concerns the factual circumstances surrounding Defendant's time keeping practices, information they would have as they have experienced the time keeping practices themselves, as Defendant does not claim an exemption to Plaintiff's Amended Complaint. *See* D.E. 15 at ¶ 15 (admitting position is not exempt). Indeed, while they may have a privacy interest in the disclosure of their identities and contact information, "such disclosure does not pose a serious invasion of privacy in routine [wage and hour] civil cases." *See id*. Therefore, this Court should compel the full contact information for all individuals identified in the documents compelled from Request No. 6.

### III.   CONCLUSION

For the above reasons, Plaintiff asks this Honorable Court to grant its Motion to Compel documents reflecting the names of all current and former employees of Defendant who held the same or similar position as Plaintiff during the Relevant Time

Period and provide their full contact information so that Plaintiff may fully investigate the claims and defenses of the Parties in this matter.

Respectfully Submitted on this 11th day of April, 2013 by:

*Dale J. Morgado, Esq.*
Dale James Morgado, Esq.
FL Bar No. 0064015
Feldman Morgado, P.A.
100 North Biscayne Boulevard
29th Floor, Suite 2902
Miami, Florida 33132
T: 305-222-7850
F: 305-384-4676
E: dmorgado@ffmlawgroup.com

## CERTIFICATION OF GOOD FAITH

I HEREBY CERTIFY that the Parties conferred regarding the grounds of this discovery motion in a good faith effort to resolve it without the need of the Court. However, the Parties were unable to come to an agreement regarding the discovery sought.

## CERTIFICATE OF SERVICE

I certify that on April 11, 2013 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system that will send a notice an electronic filing to all parties, including counsel for the Defendants.

*Dale J. Morgado, Esq.*
Dale James Morgado, Esq.