## SETTLEMENT AGREEMENT AND RELEASE OF ALL CLAIMS

This is a Settlement Agreement and Release of All Claims (hereinafter "this Agreement") by and between Franz Wakefield, his heirs, successors and assigns (collectively referred to in the rest of this document as "Mr. Wakefield"), and Liberty Power Corp, LLC, including its parents, subsidiaries, successors, assigns, and related companies, and its shareholders, directors, officers, employees, agents, or attorneys (collectively referred to in the rest of this document as "Liberty Power" or "Defendant").

### Preliminary Statement

Mr. Wakefield made a claim against Defendant alleging that he was not properly paid for all hours worked during his employment with Defendant. The aforementioned claim is the subject of a lawsuit filed in the United States District Court, Southern District of Florida, Case No: 12-60297-CV-DIMITROULEAS/SNOW. The Defendant expressly denies any liability or wrongdoing and have vigorously defended this claim. The parties have now agreed to end all claims as well as settle the aforementioned lawsuit.

Mr. Wakefield enters into this Agreement freely and voluntarily having had the benefit and advice of counsel of his own attorney. Mr. Wakefield is satisfied with the opportunity and/or advice and hereby warrants no additional time or review or advice is desired or has been requested.

### Terms and Conditions

And for the consideration stated in this Agreement, Mr. Wakefield and the Defendant, by executing this Agreement, do hereby agree as follows:

I.  **SETTLEMENT**: Mr. Wakefield agrees and understands by signing this Agreement, he is satisfied with this result and the end of all claims which were in the lawsuit described above as well as any and all claims which could have been raised, even if they are not known to or recognized by Mr. Wakefield at this time, except as expressly set forth below. Mr. Wakefield acknowledges the sum paid under this Agreement represents the total amount of back wages and liquidated damages, plus a reasonable amount of attorney's fees, he believes he is owed under the Fair Labor Standards Act ("FLSA"). There will be no more lawsuits or claims between Mr. Wakefield and the Defendant for anything that happened before this document was signed.

Mr. Wakefield knows, acknowledges and agrees this Agreement is a general and all-encompassing agreement, except as expressly set forth below. Mr. Wakefield agrees there might have been claims about which he did not know and he further expressly waives and assumes the risk of any and all claims for damages which may exist as of this date but which Mr. Wakefield does not know of or suspect to exist, whether through ignorance, oversight, error, negligence, or otherwise, whether of Mr. Wakefield or any other person, and which, if known, would materially affect his decision to enter into this Agreement. Even knowing that, Mr. Wakefield is signing this Agreement.

2461603.1

II. **RELEASE OF ALL CLAIMS**: It is further agreed and understood this Agreement is intended to release and does hereby release all claims of Mr. Wakefield against Defendant, except as expressly set forth in paragraph I above. This Agreement releases any and all claims of Mr. Wakefield against any agent, employee, officer, director, contractor, shareholder, attorneys, affiliate, subsidiary, parent organization, prior or merged company, any other employing entity associated with Defendant or insurer of Defendant which might exist.

Mr. Wakefield hereby warrants no part of his claim or any right to receive any settlement or proceeds hereunder have been assigned or conveyed to any natural or legal person either intentionally or by operation of law.

Mr. Wakefield agrees not to file any complaints of any kind against Defendant with any state or federal court or agency relating to his employment by Defendant, including but not limited to lawsuits or claims complaining of breach of employment contract, or employment discrimination, including but not limited to disability, age, race, sex, religion, or national origin discrimination, and specifically waives any rights which Mr. Wakefield may have under Title VII of the Civil Rights Act of 1964, the Florida Civil Rights Act, the Americans With Disabilities Act, the Age Discrimination in Employment Act, the Older Worker Benefit Protection Act, the Family and Medical Leave Act, ERISA, the Fair Labor Standards Act of 1938, any state or federal Whistleblower statute, OSHA, 42 U.S.C. § 1981, 1983, or 1985 or any other state or federal statute or local ordinance, law, rule or regulation, whether relating to employment or not, including state or Federal common law. This is not a complete list and Mr. Wakefield hereby waives and releases Defendant from all other claims or potential claims. This release does not affect any claims arising after the date of this Agreement.

In the event Mr. Wakefield brings an action against Defendant based on any other claim released as set forth above, Defendant may stop making payments that would otherwise have been due under this Agreement and demand return of any payments that have been made; Defendant may also plead this Agreement in bar to any such action and may seek any and all remedies available, including but not limited to injunctive relief and monetary damages, costs and reasonable attorneys' fees.

III. **DUTIES OF THE DEFENDANT**:

    1. **CONSIDERATION**:

The Defendant shall pay to Mr. Wakefield a total of $10,000.00, less applicable taxes and withholding, in two checks made payable to Franz Wakefield as follows: (1) check in the amount of $4,500.00 less applicable taxes and withholding for which Mr. Wakefield will be issued a W-2; and (2) check in the amount of $5,500.00 representing liquidated damages and consideration for the general release for which Mr. Wakefield will be issued a 1099.

The Defendant shall pay to Mr. Wakefield's attorney $30,000.00, in a check made

payable to Feldman Morgado, P.A. Trust Account, representing all attorneys' fees, other damages and costs. A 1099 will be issued to Feldman Morgado, P.A. for this amount.

The Defendant will tender payment as described in this paragraph within 10 days of dismissal with prejudice of Case No. 12-60297-CV-DIMITROULEAS/SNOW and receipt of the completed W9 forms.

Mr. Wakefield acknowledges this consideration is (1) sufficient, (2) received, and (3) the sole and exclusive consideration for this Agreement.

2. If any prospective employer of Mr. Wakefield seeks a reference from Defendant's People Department, Defendant will advise the prospective employer Mr. Wakefield's dates of employment, position, rate of pay and nothing further.

3. Defendant releases and discharges Mr. Wakefield from, and covenants never to sue or charge Mr. Wakefield with respect to, any and all charges, claims, demands, damages, actions, causes of action, or lawsuits of any kind or nature whatsoever, whether in law or equity, known or unknown, matured or unmatured, asserted, or unasserted, suspected or unsuspected, including, but not limited to any claims, rights or demands arising out of any oral or written contractual relationship, and any rights, claims, causes of action or demands available under any local, state or federal, regulation or law, including but not limited to common law or statutory claims of any kind whatsoever, tort claims, breach of contract claims, which Defendant may have had or may now have or raise against Mr. Wakefield, from the beginning of time until the date of execution of this Settlement Agreement. This release does not affect any claims arising after the date of this Agreement.

In any action brought to enforce this Agreement or an alleged breach of this Agreement, the prevailing party shall be entitled to recover reasonable attorneys' fees and costs.

## IV. DUTIES OF MR. WAKEFIELD:

1. **TAX DOCUMENTS:** Mr. Wakefield agrees to complete a W9 form.

2. **RELEASE:** Mr. Wakefield agrees to release all claims as set forth in paragraph II above. Mr. Wakefield also agrees to execute all documents necessary to have Case No. 12-60297-CV-DIMITROULEAS/SNOW dismissed with prejudice.

3. **CAREFUL READING:** Mr. Wakefield further states the foregoing Settlement Agreement and Release of All Claims has been carefully read by Mr. Wakefield, and he knows and understands the contents thereof and the Settlement Agreement and Release of All Claims has been fully explained to Mr. Wakefield.

2461603.1

4. **FINAL SETTLEMENT**: Mr. Wakefield does voluntarily accept the aforesaid sum and consideration for the purpose of making a full and final settlement of all claims against Defendant, past, present and future, and including any and all claims upon Mr. Wakefield's death, by beneficiaries, spouse, dependents, heirs, children, estate and legal representatives, and all other persons.

5. **CAPACITY**: Mr. Wakefield hereby declares he is eighteen years of age or over and that he suffers from no legal disabilities or mental/physical disability which would disable or incapacitate, even in part, him from executing this Agreement. Mr. Wakefield warrants and represents he has not taken any drug or medication prior to the execution of this Release which would prevent Mr. Wakefield from understanding the terms herein.

6. **INDEMNIFICATION**: Mr. Wakefield agrees to be responsible for all taxes due upon the consideration paid and agrees to indemnify and hold harmless the Defendant from any claims for taxes, interest and/or penalties claimed due as a result of the payment of said consideration.

V. **CONSIDERATION**: Mr. Wakefield hereby expressly states the above consideration (the value to Mr. Wakefield) is in full payment for this Agreement and is sufficient and satisfactory in all regards. There is no understanding, agreement, or promise of any kind or nature for any more or future consideration for this Agreement whatsoever, either implied and/or expected. Mr. Wakefield further acknowledges the amount paid to him under this Agreement is not otherwise owed to him and it is the full amount to which he believes himself to be entitled.

### General Terms

VI. **OTHER DOCUMENTS**: Mr. Wakefield agrees to move for dismissal of this action with prejudice, which means that it can never be refiled. Mr. Wakefield further agrees if any further documents are needed to cause the approval of the settlement and/or dismissal with prejudice, Mr. Wakefield will also cause them to be promptly executed, it being the sincere desire of the parties to conclude all aspects of any dispute between the parties hereto so that no further expenditures will be necessary. In the event that all claims against Defendant are not dismissed with prejudice, the parties agree this Agreement may, at the option of Defendant, be declared *void ab initio*, meaning that this Agreement will be as if it had never existed or been signed.

VII. **VOLUNTARY EXECUTION**: Mr. Wakefield has not been influenced or coerced in any manner or to any extent to execute this Agreement by any representations or statements of Defendant's representatives regarding said claims. Mr. Wakefield has voluntarily executed this Agreement.

VIII. **ORIGINALS**: This Agreement may be signed in one or more counterparts, each of which, when executed with the same formality and in the same manner as the original, shall constitute an original.

2461603.1

IX. **OTHER CONDITIONS**: It is further understood and agreed this Agreement is not to be construed as an admission of liability on the part of Defendant by whom liability is expressly denied and no past or present negligence or wrongful act on the part of Defendant is to be implied by such payment or negotiations.

X. **APPLICABLE LAW**: This Agreement is entered into in the State of Florida and shall be construed and interpreted in accordance with the laws of the State of Florida.

XI. **INTEGRATION**: This Agreement contains the entire agreement between the parties with respect to Mr. Wakefield's FLSA claims. There are no other agreements, warranties, or representations which form any part of the Settlement Agreement and Release of All Claims to resolve the respective claims and rights of the parties.

XII. **MODIFICATION**: There may be no change or modification of this Agreement at any time, even after its execution unless there is both new consideration and a written modification signed by all parties hereto. Except as expressly stated in this agreement, this Agreement supersedes and renders null and void any previous employment agreements or contracts, whether written or oral, between the parties.

XIII. **SINGULAR**: Although the terms Mr. Wakefield and Defendant have been used in the singular herein, the parties expressly agree that such use was for drafting convenience jointly and that the terms Mr. Wakefield and Defendant may refer to multiple parties or persons both jointly and severally.

XIV. **DISPUTES:** If any dispute arises with respect to the terms of this Agreement, the parties agree to appoint Mark A. Buckstein as the arbitrator to determine the final terms.

WITNESS MY HAND AND SEAL this 18th day of October, 2013.

_____
Franz Wakefield

SIGNED, SEALED AND DELIVERED in the presence of:

_____
WITNESS SIGNATURE

MARLENE BLACK
WITNESS NAME (Print or Type)

3050 CORPORATE WAY
WITNESS ADDRESS MIRAMAR FL 33025

MARLENE BLACK
NOTARY PUBLIC
STATE OF FLORIDA
Comm# EE068845
Expires 5/23/2015

WITNESS MY HAND AND SEAL this 18 day of OCTOBER, 2013.

2461603.1

_____  _____
Liberty Power Corp., LLC
By: Leah Lopez
Title: CCO

SIGNED, SEALED AND DELIVERED in the presence of:

_____
WITNESS SIGNATURE

Carol Moschella
WITNESS NAME (Print or Type)

2461603.1